UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

**05<sup>CV</sup>10604RGS**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) CHAPTER 7 |
| JAN RICHARD SCHLICHTMANN | ) CASE NO.: 91-18387-RS |
| | ) |
| DEBTOR. | ) |
| | ) |

## EMERGENCY MOTION FOR LEAVE TO
## FILE INTERLOCUTORY APPEAL

The Cadle Company, Atlanta Joint Venture, LP and Daniel C. Cadle (collectively, the "Respondents"), by and through their undersigned counsel, hereby file this emergency motion pursuant to Bankruptcy Rule 8003 for leave to appeal the Bankruptcy Court's Memorandum of Decision and Order dated March 1, 2005, and the Bankruptcy Court's order denying Respondents Emergency Motion for Reconsideration, dated March 2, 2005. This motion is filed on an emergency basis because, as set forth below, the Bankruptcy Court has scheduled an evidentiary hearing on the issues on May 25, 2005. The Respondents believe that the Bankruptcy Court's orders violate their procedural rights in this case, and directly impact how that trial will proceed.

2

## BACKGROUND FACTS

The Debtor in this case, has made serious allegations against Respondents; he seeks a determination that the Respondents have violated his discharge order, by proceeding in the United States District Court (the "District Court Action") to enforce the Respondents security interest in a contingent fee from the Debtor's former law firm. He is asking that the Respondents be found in civil and criminal contempt, and is seeking damages in excess of $1,200,000.00. Respondents categorically deny that the pursuit of the District Court Action constituted a discharge violation, and submit that the decision of the U.S. First Circuit Court of Appeals at 267 F.3d 14 (1st. Cir. 2001) supports its position. The following is a brief chronology of the events in the Bankruptcy Court:

1.    On October 7, 1991 the Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code.

2.    On January 28, 1992 this Court entered the Debtor's discharge order (the "Discharge Order").

3.    On January 5, 2004 the Debtor filed his Motion for Sanctions (the "Sanctions Motion"), accompanied by, *inter alia*, affidavits by purported experts assessing the Debtor's alleged

3

economic damages. (This was actually the Debtor's second motion for sanctions. The first was filed in 2002 while the District Court Action was pending, and was denied without prejudice until the conclusion of that litigation.

4.    On February 2, 2004 the Respondents filed their preliminary response to the Sanctions Motion.

5.    No action was taken on the Sanctions Motion for over seven months due to the retirement of Judge Kenner. Following a motion by the Debtor to re-assign the case to a new judge, on September 28, 2004 Bankruptcy Judge Feeney issued an order in the nature of a pretrial order. A copy of this order is annexed hereto as Exhibit "A". Among other things, the order required the parties to confer on a discovery plan and to complete discovery by February 4, 2005.

6.    On October 15, 2004 the Respondents filed an Objection and Motion to Dismiss the Sanctions Motion (the "Motion to Dismiss"), which the Debtor opposed. A copy of the Motion to Dismiss is annexed hereto as Exhibit "B".

7.    On November 1, 2004 the Debtor and Respondents filed a Joint Report and Agenda concerning Discovery Plan (referred to herein as the "Joint Report"). In that document the parties agreed to stay discovery until the Bankruptcy Court had ruled

4

upon the cross-motions for dismissal or judgment. A copy of the Joint Report is annexed hereto as Exhibit "C".

8.    On November 18, 2004, the Parties received notice that the Respondents' Motion to Dismiss and the Debtor's motion for judgment were set for hearing on January 18, 2005. On December 29, 2004, however, the Court, *sua sponte*, rescheduled the hearing for January 19, 2005. As the Respondents' counsel had a prior hearing before another session of this Court, Respondents filed a motion to continue the hearing, which was ultimately rescheduled for February 8, 2005.

9.    On February 8, 2005, the Bankruptcy Court heard argument on the Debtor's Motion for Sanctions in which he alleged that the Respondents violated the Court's 1992 Discharge Order. At the same time, the Court heard the Respondents' Motion to Dismiss. Both motions were treated by the parties and by the Court as R.12(b)(6) and/or R.56 motions, and both motions were denied because the Court found that there were material facts in dispute.

10.   At the conclusion of the hearing, the Court conducted a brief status conference. During the conference, the Respondents requested an opportunity to conduct discovery on the Debtor's alleged damages. The Court denied the Motion, but

allowed the Respondents to file a written motion seeking leave
to conduct discovery.

11.    The Respondents filed their motion (referred to
herein as the "Discovery Motion") on or about February 11, 2005.
A copy of the Discovery Motion is annexed hereto as Exhibit "D".
In their Discovery Motion, the Respondents requested ninety (90)
days to conduct a limited amount of discovery with regard to the
Debtor's alleged damages. In their Motion, the Respondents
referenced the Joint Report, in which both the Debtor and the
Respondents indicated that neither party wanted to engage in
discovery until after the Court ruled on the respective Motions
to Dismiss. The filing of the Joint Report was the functional
equivalent of a joint pretrial stipulation or an assented to
Motion.

12.    The Bankruptcy Court denied the Respondents'
Discovery Motion in a March 1, 2005 memorandum decision, a copy
of which is annexed hereto as Exhibit "E". Therein, the Court
ruled that the Respondents "deliberately disregarded the
[discovery] deadline in the pretrial order . . . at their peril"
and the filing of the Joint Report did "not excuse this
disregard." The Court reasoned that the Respondents were trying
to substitute their own pretrial plan for that of the Court.

6

13.    The Respondents immediately filed an emergency motion
for reconsideration, a copy of which is annexed hereto as
Exhibit "F", and asked the Bankruptcy Court to give more
significance to the procedural posture of the case and the
agreement of the Debtor and the Respondent as set forth in the
Joint Report.  The motion for reconsideration was also denied; a
copy of the March 2, 2005 order is annexed hereto as Exhibit
"G".

14.    On March 9, 2005 the Bankruptcy Court issued an order
scheduling the evidentiary hearing on the Sanctions Motion for
May 25, 2005.

## AN INTERLOCUTORY APPEAL IS NECESSARY
## TO PRESERVE RESPONDENTS' PROCEDURAL RIGHTS

15.    There is little dispute that the motions heard by the
Court on February 8, 2005, were treated by the Court as
R.12(b)(6) and/or R.56 Motions of which the Court disposed
because there were material facts in dispute.

16.    The Federal Rules provide that it is only after the
determination of a R.12(b)(6) motion that a party is required
and allowed to file responsive pleadings see, e.g., F. R. C. P.
12(a)(4), followed by discovery.  In this case, the parties
understood the procedural posture of the case, and by filing

7

their Joint Report, agreed that discovery should logically
follow the Court's determination of the dispositive motions.

17.   Respondents understand that the full procedural
history of this case is somewhat tortured and lengthy, and fully
comprehend the apparent goal of the Bankruptcy Court to close,
once and for all, this 1991 bankruptcy case.[1]   That goal   should
not overcome the procedural rules governing cases in the
Bankruptcy Court, however, nor should it overcome the agreement
set forth in the Joint Report.[2]   Leave to file this appeal as an
interlocutory appeal is necessary because on March 9, 2005 the
Bankruptcy Court scheduled an evidentiary hearing on the

---

[1]      In 1991, the Debtor filed his petition and received his discharge in
1992.   Thereafter, The Cadle Company filed the District Court Action against
the Debtor, alleging that it had an Article 9 (UCC) security interest in a
certain contingent fee.   The Debtor claimed that the District Court Action
was an illegal in-personam action which violated the Debtor's prior
discharge.   In a 2001 decision, the First Circuit agreed with The Cadle
Company and remanded the case back to the District Court.   Thereafter, the
Debtor purchased the underlying note at a sheriff's sale in Texas.   The
Debtor then came back to the District Court and claimed that the District
Court lawsuit was moot.   As a result, Atlanta Joint Venture LP sought to
intervene.   The Cadle Company, which had been the plaintiff in the District
Court Action was the general partner of Atlanta Joint Venture LP.   The
District Court denied Atlanta's Motion.   In a 2003 decision, the First
Circuit affirmed.

In the current Motion for Sanctions before the Bankruptcy Court, the
Debtor has claimed that he was injured as a result of The Cadle Company's
failure to disclose its true relationship with Atlanta Joint Venture LP.

[2] The Debtor's changed position in February notwithstanding, in November the
Debtor agreed that all discovery should be stayed until after the Court ruled
on the dispositive motions.   The Debtor changed his position in February and
opposed the Respondents' request for discovery.   Despite his change of heart,
the Debtor should not be allowed to abandon his previous position for some
currently perceived tactical advantage.

8

Sanctions Motion for May 25, 2005. As set forth in the parties'
Joint Pretrial Statement filed with this Court on March 4, 2005,
the parties anticipate that the trial in this matter will take
several days. The Debtor is seeking an enormous sum as alleged
damages, in reliance on his alleged experts' reports.
Respondents' ability to undertake discovery of the Debtor's
alleged experts prior to trial is critical, to determine whether
they are qualified as experts and to determine the validity of
their opinions. Indeed, if this appeal is not heard on an
interlocutory basis, the Respondents' procedural rights will be
irreparably and irrevocably harmed.

### CONCLUSION

Based on the foregoing, the Respondents respectfully
request that leave be granted so that the District Court may
adjudicate the issue of whether or not discovery under the
circumstances outlined above should be allowed as requested by
the Respondents.

Dated this 11th day of March, 2005

9

SHATZ, SCHWARTZ AND FENTIN, P.C.


By:  /S/ Mark H. Bluver
       Mark H. Bluver, Esquire
       BBO #560330
       Steven Weiss, Esquire
       BBO #545619
       Shatz, Schwartz and Fentin, PC
       1441 Main Street
       Springfield, MA  01103
       (413) 737-1131 Phone
       (413) 736-0375 Fax

04\0035\motion for leave to appeal

## CERTIFICATE OF SERVICE

I, Mark H. Bluver, Esquire, of Shatz, Schwartz and Fentin, P.C., hereby certify that on the 11th day of March, 2005, I served a copy of the foregoing via first class U.S. Mail and/or facsimile, to the parties listed below:


Jan Richard Schlichtmann, Esquire
P.O. Box 233
Prides Crossing, MA  01965

M. Ellen Carpenter
Kern, Sosman, Hagerty,
Roach & Carpenter, P.C.
24 School Street
Boston, MA  02108

J. Christopher Marshall
U.S. Trustees Office
Room 1184
10 Causeway Street
Boston, MA  02222


       \s\  Mark H. Bluver
       Mark H. Bluver, Esquire

04\0035\motion for leave to appeal



UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

```
*************************************
In re                              *
                                   *   Chapter 7
JAN RICHARD SCHLICHTMANN,          *   Case No. 91-18387-CJK
                                   *
            Debtor                 *
*************************************
JAN RICHARD SCHLICHTMANN,          *
                                   *
            Movant                 *
                                   *
v.                                 *   Contested Matter
                                   *
THE CADLE COMPANY,                 *
   Individually and as Agent and   *
   General Partner of              *
   Atlanta Joint Venture LP,       *
DANIEL C. CADLE, and               *
ATLANTA JOINT VENTURES, LP,        *
                                   *
            Respondents  *
*************************************
```

9/28/04

**PRETRIAL ORDER WITH RESPECT TO
DEBTOR'S MOTION FOR SANCTIONS FOR VIOLATION
OF THE COURT'S 1-28-92 DISCHARGE ORDER
AGAINST THE CADLE COMPANY, DANIEL C. CADLE,
AND ATLANTA JOINT VENTURE, LP**

With respect to the Debtor's Motion For Sanctions For Violation of The Court's 1-28-92

Discharge Order Against The Cadle Company, Daniel C. Cadle, and Atlanta Joint Venture, LP,

the Court now enters the following pretrial order:

    1.    The Respondents have filed only a "preliminary" response to the motion. They

shall file their full answer no later than **October 15, 2004.**

    2.    The parties are ordered to confer pursuant to Fed. R. Civ. P. 26, made applicable

to this proceeding by Fed. R. Bankr. P. 7026, within 30 days of the date of this order and to file

no later than **November 1, 2004,** a certification that the Rule 26(f) conference has taken place, as

well as a written report outlining a proposed discovery plan.

3.      Discovery shall be completed on or before **February 4, 2005,** unless the court, upon appropriate motion and consideration of the discovery plan, alters the time and manner of discovery.

4.      The parties are ordered to file by **March 4, 2005,** a Joint Pretrial Memorandum approved by all counsel and unrepresented parties, which shall set forth the following:

(A)    The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

(B)    A list of witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(C)    A list of witnesses intended to be called as experts, together with a statement as to an objection to their qualification.

(D)    An appropriate identification of each document or other exhibit, other than those to be used for impeachment, in the sequence in which they will be offered, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

(E)    A statement of any objections, together with the grounds therefor, reserved as to the admissibility of a deposition designated by another party and to the admissibility of documents or exhibits. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

(F)    A statement confirming that the parties have exchanged copies of the exhibits.

(G)    Facts which are admitted and which require no proof.;

(H)    The issues of fact which remain to be litigated (evidence at the trial shall be limited to these issues).

2

(I)     The issues of law to be determined.

(J)     A statement summarizing the Plaintiff's case.

(K)     A statement summarizing the Defendant's case.

(L)     The estimated length of the trial.

5.      Any dispositive motions must be filed no less than seven business days prior the date fixed for the filing of the Joint Pretrial Memorandum or the relief sought in such motions shall be deemed to have been waived.

6.      Failure to strictly comply with all of the provision of this order may result in the automatic entry of a dismissal or a default as the circumstances warrant in accordance with Fed. R. Civ. P. 16, made applicable to this proceeding by Fed. R. Bankr. P. 7016.

7.      A pretrial conference or trial shall be scheduled after the filing of the Joint Pretrial Memorandum.

By the Court,

Joan N. Feeney

Date: September 28, 2004

Joan N. Feeney
United States Bankruptcy Judge

cc:     Jan Schlichtmann, *pro se*
        Steven Weiss, Esq., for Respondents



EXHIBIT
B

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
                                    )
In re:                              )
                                    )   CHAPTER 7
JAN RICHARD SCHLICHTMANN            )
                                    )   BANKRUPTCY NO.: 91-18387-CJK
                                    )
              DEBTOR.               )
                                    )
```

**OBJECTION TO AND MOTION TO DISMISS
THE DEBTOR'S MOTION FOR SANCTIONS FOR VIOLATION
OF THE COURT'S JANUARY 28, 1992 DISCHARGE ORDER**

This Objection and Motion to Dismiss is respectfully submitted on behalf of The Cadle Company ("TCC"), Daniel C. Cadle ("Cadle"), and Atlanta Joint Venture LP ("Atlanta")[1] by and through undersigned counsel, Mark H. Bluver and Steven Weiss of the law firm of Shatz, Schwartz and Fentin, P.C.

### BACKGROUND AND ARGUMENT

On January 5, 2004, the Debtor filed a 79 page motion for sanctions supported by a 25 page memorandum, an 11 page affidavit and numerous attachments and exhibits. This "new" Motion is merely a restatement, albeit a bulked up and enlarged version of a prior motion filed by the Debtor on February 11, 2002, (Docket Entry No. 10). The arguments set forth in the new Motion have previously been presented to the Court on July 16, 2002, at oral argument by Debtor and TCC's prior counsel.

---

[1] Cadle and Atlanta appear only in response to the Debtor's sanctions motion and enter a limited special appearance for that purpose only. Cadle and Atlanta specifically object to their presence before the Court and reserve their right to contest whether the Court has personal jurisdiction over Cadle and/or Atlanta.

2

In response to the prior motion, the Court issued a
Memorandum of Decision on July 24, 2002, and a subsequent further
decision on September 30, 2002. TCC submits that based on the
law of this case as determined both by this Court and the First
Circuit Court of Appeals, the new Motion must be denied. TCC's
prosecution of the District Court lawsuit was an "in rem" action
to recover property (referred to in various decisions of this
Court as the "Groton Fee") which secured the original loans. It
was not an illegal *in personam* action against the Debtor. Based
on the ruling by the First Circuit Court of Appeals, this issue
is *res judicata*. TCC's District Court lawsuit was not and could
not be a violation of the discharge order.

In its July 24, 2002 memorandum decision, this Court left
open only the issue of whether TCC's efforts to secure the
benefits of its security interest were legitimate or not. This
Court opined that at some point it may have to determine whether
TCC's efforts may have violated the discharge order.[2] In light
of the dismissal of the District Court lawsuit based on a second
decision by the First Circuit Court of Appeals (338 F.3d 19(1st
Cir. 2003)), TCC submits that these questions are now moot.
TCC has taken no action against the Debtor since the dismissal of
the District Court litigation.

---

[2] In its July 24, 2002 ruling, this Court left open only the question of
whether at some time in the future it would have to distinguish "legitimate
efforts to secure the benefits of a security interest from illegitimate acts
in violation of the discharge." July 24, 2002 Order at Page 7. However, the
Court recognized that since the District Court lawsuit was pending, the
District Court was in a better position to address the Debtor's alleged
violations. Because the District Court lawsuit (with two (2) separate
journeys to the First Circuit) is now completed, the Debtor's allegations are
either moot or subject to collateral estoppel and the law of the case.

3

Notwithstanding the sheer volume of the Debtor's January, 2004 submission, there is absolutely no new evidence that TCC, Cadle or Atlanta took any action whatsoever to recover any assets other than the legal fees in which it held a legitimate security interest, as so determined by the First Circuit Court of Appeals, 267 F.3d 14, 18-19.

> [TCC's] security interest attached to this
> [fee] and it has an in rem claim to it.
> While [the Debtor's] post-bankruptcy work on
> the Groton matter no doubt contributed to the
> consummation of the settlement, the amount of
> the fee was established outside of [the
> Debtor's] bankruptcy. [TCC's] security
> interest in this property was not affected by
> Schlichtmann's bankruptcy.

Id.

Subsequently, on September 30, 2002, this Court issued a Second Memorandum of Decision in response to the Debtor's allegation that TCC was not the owner of the security interest but was merely a servicer. It is this issue to which the Debtor has gone to great lengths in his new motion. He argues that the corporate structure employed by TCC was fraudulent and resulted in numerous misrepresentations to this Court, the District Court, as well as various state agencies.

Despite the added bulk of the new Motion, the allegations are the same as those that were before the Court in September, 2002. At that time, this Court held that even if TCC was a mere servicer, it still held title to the security interest and therefore had the requisite standing to enforce its security interest. This Court concluded by denying the Debtor's prior motion for sanctions. Moreover, whether TCC properly pursued the

4

District Court lawsuit in its own name, or whether it should have captioned the lawsuit identifying itself as the agent for Atlanta, is absolutely irrelevant to whether there was any violation of the discharge order.[3]

The new Motion now pending before this Court adds nothing substantively to the Debtor's prior allegations that have been previously rejected by this Court. TCC therefore submits that the new Motion must be denied based on this Court's prior rulings. In its November 5, 2003 Order, the Court did not invite the Debtor to merely repackage his old Motions. Instead, the Debtor was directed to file a "single new Motion" supported by new facts, and stating specific actions which TCC took that violated the Debtor's discharge. The Debtor has failed to do so.

The bases of the prior motions were that the Debtor was subject to: 1. malicious threats; 2. false reports; 3. a fraudulent civil lawsuit; and 4. threats relative to bankruptcy fraud. Those allegations were reviewed and rejected by this Court. The new Motion is but a repackaging of these same basic allegations, and therefore must also be denied.

On February 2, 2004, TCC, Cadle, and Atlanta filed a limited objection to the Debtor's new Motion. The Court did not act on the new Motion. On September 15, 2004, the Debtor filed a motion

---

[3] The issue of whether the corporate structure utilized by TCC, Cadle and other related entities violates Massachusetts General Law Chapter 93, Section 24 is currently the subject of a lawsuit pending in the Suffolk Superior Court in Boston, Massachusetts. TCC has taken the position that the corporate structure was not a violation of Chapter 93, Section 24. Despite the fact that the Debtor has raised that issue in the Suffolk Superior Court as well as numerous other state courts, no court in the Commonwealth of Massachusetts has determined that TCC's corporate structure employed by it prior to January 1, 2004 was violative of any statute or regulation in the Commonwealth of Massachusetts.

5

to have the case reassigned.  On September 28, 2004, the Court

denied the Debtor's Assignment Motion and issued a Scheduling

Order, also dated September 28, 2004.  This Objection and Motion

to Dismiss is respectfully submitted by TCC, Cadle, and Atlanta

pursuant to that Scheduling Order.


## CONCLUSION

In light of the fact that the so-called new Motion is but a

restatement of previously filed motions which have all been

rejected by the Court, TCC submits that the Court's Scheduling

Order should be suspended until the Court has an opportunity to

rule on the new Motion and the Objection and Motion to Dismiss

filed herewith.

Respectfully submitted,

SHATZ, SCHWARTZ AND FENTIN, P.C.

Dated:  October 15, 2004          By:___/s/Steven Weiss_____
                                     Mark H. Bluver, Esquire
                                     BBO #560330

                                     Steven Weiss, Esquire
                                     BBO #545619

                                     Shatz, Schwartz and Fentin, PC
                                     1441 Main Street
                                     Springfield, MA  01103
                                     (413) 737-1131 Phone
                                     (413) 736-0375 Fax
                                      Attorneys for the Respondents

04\0035\obj & mot dismiss.4001

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| In Re | ) |
| | ) |
| | ) |
| JAN RICHARD SCHLICHTMANN, | ) |
| | ) |
| Debtor | ) |
| | ) |

Chapter 7
Case No. 91-18387-CJK

| | |
|---|---|
| JAN RICHARD SCHLICHTMANN, | ) |
| | ) |
| Movant | ) |
| | ) |
| v. | ) |
| | ) |
| THE CADLE COMPANY, | ) |
|     Individually and as Agent and | ) |
|     General Partner of | ) |
|     Atlanta Joint Venture, LP | ) |
| DANIEL C. CADLE, and | ) |
| ATLANTA JOINT VENTURE, LP | ) |
| | ) |
| Respondents | ) |

Contested Matter

## JOINT REPORT
## REGARDING PROPOSED DISCOVERY PLAN

Jan R. Schlichtmann, the Debtor, and The Cadle Company, et al, the Respondents,

submit this report regarding a proposed discovery plan pursuant to the Court's 9-18-04

Pretrial Order.

### Procedural Background

By Order dated 9-18-04 the Court issued a "Pretrial Order" regarding the Debtor's

Sanctions' Motion and ordered Respondents to file a "full answer" to the Sanctions

Motion no later than October 15, 2004.  In addition, the Court ordered that the parties

confer and file no later than November 1, 2004 a certification that they conferred and a

JOINT REPORT
REGARDING DISCOVERY PLAN
11-1-04
PAGE 2

written report outlining a proposed discovery plan.  On October 15, 2004 the

Respondents filed an "Objection To And Motion To Dismiss The Debtor's Motion For

Sanctions".  That Motion is still pending.  The Debtor on 10-18-04 filed an opposition

and requested that Respondents' pleading be struck.  In response, the Respondents filed a

Reply Brief and renewed their motion to dismiss and, in the alternative, sought an Order

requiring the Debtor to file a proper pleading with numbered paragraphs.  The parties'

filings are pending before the Court.

### The Debtor's Proposed Discovery Plan

#### 1.    Rule 26(a) Disclosures

The Debtor in his 1-5-04 Sanctions Motion provided a comprehensive and

detailed description of the factual and legal basis of his claim both as to liability and

damages.  The filing included detailed affidavit testimony from two experts and the

records, testimony, depositions, admissions, and documents that Movant has obtained in

support of his claim.  The detailed and comprehensive filing disclosed the facts,

documents, and witnesses known to the Debtor to have discoverable information in this

matter.  The Debtor will provide a formal Disclosure Statement that summarizes the

names of the witnesses and contact information if known by 11-14-04.

#### 2.    Discovery Subjects

It is the Debtor's position that the subjects on which discovery is needed from

Respondents concern the following:

JOINT REPORT
REGARDING DISCOVERY PLAN
11-1-04
PAGE 3

    a.    Business records relating to the ownership of the accounts on which Cadle sought to collect against Movant and the other Debtors described in the Motion ("the accounts");

    b.    Business records relating to the business relationship between Respondents as it regarded the collection of the accounts described in the Motion;

    c.    Business records relating to the representations Respondents made to the Bankruptcy Court regarding The Cadle Company's relationship to the accounts described in the Motion;

    d.    Business records relating to the Respondents': credit reporting regarding Movant's accounts; instituting the civil action against Movant; and attempting to institute a civil and criminal investigation of Movant by the US Trustee's Office;

    e.    The employees and officers with knowledge of these subjects.

Movant believes that the time period set by the Court in the 9-18-04 Pretrial Order is sufficient to complete the necessary discovery.

### 3./4.    Limitations On Discovery/Orders That Should Be Entered

For the reasons stated in his 10-18-04 Opposition, it is the Debtor's position that Respondents' 10-15-04 filing should be stricken and judgment entered for the Debtor thus obviating the need for discovery.

### The Respondent's Position

As detailed in its previous filings, the Respondents contend that the Debtor's sanctions' motion is but a rehash of arguments he has presented to this Court, the Federal District Court and the First Circuit Court of Appeals - - arguments that have been rejected and therefore must be dismissed by this Court based on principles of *res judicata*, collateral estoppel and the law of the case.

JOINT REPORT
REGARDING DISCOVERY PLAN
11-1-04
PAGE 4


It is the Respondent's position that prior to the Parties embarking on costly discovery, this Court should address the threshold issue about whether the Sanctions' Motion can withstand the challenge presented by the Respondents.

Should the Court allow the Respondent's Motion to Dismiss, no discovery is necessary. To the extent the Court denies the Motion, the Respondents will seek extensive discovery about the Debtor's so-called damages and about the bona-fides of the designated experts. The Respondents do not believe that the Debtor's experts can withstand a Daubert challenge and at an appropriate time, the Court would have to conduct a Daubert hearing.

The Debtor and the Respondents however, agree that the Court should conduct a hearing on the pending motions and requests, prior to either party incurring the significant expenses associated with discovery.


Dated: November 1, 2004

Respectfully submitted,


/s/ Jan Richard Schlichtmann
Jan Richard Schlichtmann, Esq.
P.O. Box 233
Prides Crossing, Massachusetts 01965
O- 978-927-1037
F- 978-232-9668
Email: **jan@schlichtmannlaw.com**
BBO #445900

JOINT REPORT
REGARDING DISCOVERY PLAN
11-1-04
PAGE 5


&

By:    /s/Steven Weiss
         Mark H. Bluver, Esquire
         BBO #560330

         Steven Weiss, Esquire
         BBO #545619

         Shatz, Schwartz and Fentin, PC
         1441 Main Street
         Springfield, MA 01103
         (413) 737-1131 Phone
         (413) 736-0375 Fax
         Attorneys for the Respondents

## CERTIFICATION

I, Mark H. Bluver, certify that the Parties discussed their mutual positions

regarding the Discovery Plan prior to filing this document.


/s/ Mark H. Bluver
Mark H. Bluver

## CERTIFICATE OF SERVICE

I, Mark H. Bluver, hereby certify that a copy of this Motion was this 1st day of
November, 2004 served on the Debtor:

Jan Richard Schlichtmann, Esquire
P.O. Box 233
Prides Crossing, MA 01965

by mail and email to his office and mailed to the parties listed below.

JOINT REPORT
REGARDING DISCOVERY PLAN
11-1-04
PAGE 6


/s/Mark H. Bluver

Mark H. Bluver


Trustee

M. Ellen Carpenter Esq.
Roach and Carpenter, P.C.
24 School St.
Boston, MA 02108

U.S Trustee

J. Christopher Marshall
U.S. Trustees Office
Rm. 1184
10 Causeway St.
Boston, MA 02222

04\0035\Discovery Plan



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

In re:                              )
                                    )
                                    ) CHAPTER 7
JAN RICHARD SCHLICHTMANN            ) CASE NO.: 91-18387-CJK
                                    )
              DEBTOR.               )
                                    )

## MOTION FOR LEAVE TO CONDUCT DISCOVERY

This Motion is respectfully submitted by Shatz, Schwartz and Fentin, P.C. on behalf of the Cadle Company, et al ("Cadle"). On February 8, 2005, the Court conducted a hearing on the Debtor's Motion for Sanctions and Cadle's Motion to Dismiss. After denying the parties' respective motions, a brief status conference was held. At the conclusion of the conference, this Court ruled that discovery was closed as of February 4, 2005, but indicated that the Court would consider any motion to open discovery if filed by February 15, 2005.

Cadle respectfully requests ninety (90) days to conduct discovery as was set forth in a Joint Report Regarding Discovery submitted by the Debtor and Cadle on November 1, 2004. Therein, both the Debtor and Cadle jointly indicated that while some discovery was necessary, neither party wanted to engage in the costs of discovery prior to the Court ruling on the threshold issue about whether the Sanctions' Motion could withstand the Respondent's challenge.

Now that the Court has ruled that there will be a trial, a certain amount of discovery is necessary. As Cadle indicated in the Joint Report, discovery, at a minimum, is necessary relative

2

to the Debtor's alleged damages and the bona-fides of the
Debtor's experts.  Ninety (90) days is requested to allow both
parties a reasonable time to conduct a proper investigation and
to allow the individual lawyers the necessary time to conduct the
investigation, as well as meet their other commitments to other
court ordered deadlines.

                        Respectfully submitted,

                        SHATZ, SCHWARTZ AND FENTIN, P.C.

                    By:__/s/Mark H. Bluver_____
                        Mark H. Bluver, Esquire
                        BBO #560330
                        Steven Weiss, Esquire
                        BBO #545619
                        Shatz, Schwartz and Fentin, P.C.
                        1441 Main Street
                        Springfield, MA  01103
                        (413) 737-1131 Phone
                        (413) 736-0375 Fax

Dated:   February 11, 2005

04\0035\motion for leave

3

## CERTIFICATE OF SERVICE

I, Mark H. Bluver, Esquire, of Shatz, Schwartz and Fentin, P.C., hereby certify that on the 11th day of February, 2005, I served a copy of the foregoing, <u>Motion for Leave to Conduct Discovery</u>, via first class mail to the parties listed below:

Jan Richard Schlichtmann, Esq.
P.O. Box 233
Prides Crossing, MA  01965

M. Ellen Carpenter, Esq.
Roach and Carpenter, P.C.
24 School Street
Boston, MA  02108

J. Christopher Marshall
U.S. Trustees Office
Room 1184
10 Causeway Street
Boston, MA  02222

                                    ___/s/ Mark H. Bluver__
                                    Mark H. Bluver, Esquire

04\0035\motion for leave



UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
In re                                    *
                                         *    Chapter 7
JAN RICHARD SCHLICHTMANN,                 *    Case No. 91-18387-RS
                                         *
              Debtor                     *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OF DECISION AND ORDER ON MOTION OF RESPONDENTS FOR LEAVE TO CONDUCT DISCOVERY

The Cadle Company, Atlanta Joint Venture LLP, and Mr. Daniel C. Cadle have moved for an additional ninety days in which to conduct discovery with respect to the Debtor's Motion for Sanctions for Violation of the Court's Discharge Order. By the order below, and for the reasons set forth below, the motion is denied.


**Procedural History**

On January 5, 2004, Debtor Jan Schlichtmann ("the Debtor") filed a motion against The Cadle Company, Atlanta Joint Venture LLP, and Mr. Daniel C. Cadle (collectively, "the Respondents") for sanctions for violation of the 1992 discharge order that entered in this case (the "Motion for Sanctions"). On February 2, 2004, the Respondents filed what they entitled a "Preliminary Response" to the motion. After a delay of several months, occasioned by the retirement of Judge Kenner (to whom the case was then assigned), the Debtor moved to have the case reassigned to another judge. On September 28, 2004, the Court, by Judge Feeney, denied reassignment as unnecessary but entered a Pretrial Order. The Pretrial Order required the Respondents to file a full answer to the Motion for Sanctions and required the parties (1) to confer and develop together a proposed discovery plan, (2) to file a written report outlining the proposed discovery plan no later than November 1, 2004, (3) to complete the discovery plan no

later than February 4, 2005, "unless the Court, upon appropriate motion and consideration of the discovery plan, alters the time and manner of discovery," and (4) to file a Joint Pretrial memorandum no later than March 4, 2005.

The Respondents did not file a full answer but instead filed a motion to dismiss the motion for sanctions ("Motion to Dismiss"). The Motion to Dismiss essentially reiterated the substance of their earlier Preliminary Response and sought dismissal of the Motion for Sanctions on the basis of res judicata, collateral estoppel, and the law of the case. In response, the Debtor filed a combined opposition to the Motion to Dismiss and request that judgment be entered in his favor.

The parties also timely filed a "Joint Report Regarding Proposed Discovery Plan." In it, each side stated that judgment should enter in its favor without need of discovery. The Respondents contended that judgment should enter on their motion to dismiss, the Debtor on his request for entry of judgment. The parties closed the report by setting forth their agreement "that the Court should conduct a hearing on the pending motions and requests, prior to either party incurring the significant expenses associated with discovery." Still, the parties filed no motion to stay the discovery period; nor did the Court *sua sponte* suspend the parties' obligation under the Pretrial Order to complete discovery by February 4, 2005.

On February 8, 2005, at a combined hearing on the Respondents' Motion to Dismiss and status conference on the Motion for Sanctions, the Court denied the Respondents' Motion to Dismiss, denied the Debtor's request for entry of judgment, and stated (on the basis of the pretrial order) that discovery with respect to the Motion for Sanctions was closed. Thereupon the Respondents requested additional time in which to conduct discovery. The Court told the Respondents that they should make their request in the form of a written motion.

2

The Respondents have now filed a written Motion for Leave to Conduct Discovery. In relevant part, the motion states:

> Cadle respectfully requests ninety (90) days to conduct discovery as was set forth in a Joint Report Regarding Discovery submitted by the Debtor and Cadle on November 1, 2004. Therein, both the Debtor and Cadle jointly indicated that while some discovery was necessary, neither party wanted to engage in the costs of discovery prior to the Court ruling on the threshold issue about whether the Sanctions Motion could withstand the Respondent's challenge. Now that the Court has ruled that there will be a trial, a certain amount of discovery is necessary.

The Debtor has filed an opposition to the motion, arguing that no extension of time is warranted where, as here, the need for additional time is based on a deliberate decision not to conduct discovery during the period in which the Court ordered that the parties should complete their discovery. The Pretrial Order specified that the discovery deadline could be altered only by order of the Court and only upon a motion for such relief, but, the Debtor points out, the Respondents filed no such motion, and the Court has not altered the time.

## Discussion

The Court finds no cause here to extend the discovery period. Judge Feeney's pretrial order was clear as to the date by which the parties were to complete discovery. The order was also clear about the manner in which the time could be altered: it would require an order of the Court, entered upon an appropriate motion. The Respondents filed no such motion and obtained no order. They deliberately disregarded the deadline in the pretrial order, and they did so at their peril.

The pendency during the discovery period of their Motion to Dismiss, and the possibility that that motion might be allowed and thus obviate the need for discovery, does not excuse this

3

disregard. Judge Feeney had entered the Pretrial Order *after* the Respondents had already filed their Preliminary Response, which Preliminary Response was in substance virtually identical to their Motion to Dismiss. Moreover, the same Pretrial Order obligated the Respondents to file "a full answer." The Pretrial Order was thus plainly intended to ready the parties to fully litigate the Motion for Sanctions upon completion of the deadlines for completion of discovery and for filing of the pretrial memorandum. In choosing not to file a full answer, but only a Motion to Dismiss (essentially a reiteration of what they had already filed), and in choosing not to conduct discovery during the designated time, the Respondents were substituting their own plan for that of the Court. This they were not free to do. Certainly it is not cause to extend the discovery deadline.

## ORDER

For the reasons set forth above, the Motion of Respondents for Leave to Conduct Discovery is hereby DENIED.

Date: *March 1, 2005*

Robert Somma
United States Bankruptcy Judge

cc:  Jan Richard Schlichtmann, Esq., Debtor
    Mark Bluver, Esq., for The Cadle Company, Atlanta Joint Venture LLP, and Mr. Daniel C. Cadle

4

019772    16208019812020



EXHIBIT

F

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

In re:                          )
                                )
                                ) CHAPTER 7
JAN RICHARD SCHLICHTMANN        )
                                ) CASE NO. 91-18387-CJK
                                )
                DEBTOR.         )
                                )

**EMERGENCY MOTION FOR RECONSIDERATION AND A REQUEST FOR A
HEARING RELATIVE TO THE COURT'S DENIAL OF RESPONDENTS'
MOTION TO CONDUCT LIMITED DISCOVERY**

The Respondents have reviewed the Court's decision of

March 1, 2005 and respectfully state that principles of fairness

mandate that the Court reconsider and allow some focused

discovery relative to the trial on the Debtor's motion for

sanctions.

While the Court's rendition of the facts is essentially

correct, it does not give sufficient significance to the Joint

Report filed by both parties on November 1, 2004. That report

was equivalent to an Assented Motion or a Pre-Trial Stipulation

to permit additional discovery after the Court ruled on the

respective motions to dismiss.[1]

The motions to dismiss, which were in substance 12(b)(6)

motions now have been decided. The Federal Rules provide that

after the determination of 12(b)(6) motions, then and only then,

---

[1] Given the retirement of Judge Kenner, the Parties respective Motions
languished for nine months as the case was between judges. After Judge
Feeney's Order, the Parties responded in a timely manner and filed a Joint
Report, the equivalent of the pre-trial stipulation relative to discovery.
During the time the case was between judges, the Parties did what they could

2

are the parties required to file responsive pleadings, followed by discovery.

As a practical matter, the parties know each others respective positions quite well, with the exception of the damages alleged and claimed by the Debtor. Allowing the Respondents time to explore that area of the case is both fair and in the interests of judicial economy.

Finally, as the parties continue to work together to finalize the Joint Pretrial Memorandum which is to be filed, Friday, March 4, 2005, the Debtor has presented the Respondents with a 35-page statement, a third of which deals with damages and sanctions. Given that the Debtor agreed that discovery could be stayed until after the Court ruled on the motions to dismiss, the Respondents implore the Court to allow the parties to do that which they previously agreed. To the extent that the Court believes a separate motion to that effect should have been filed, the Respondents certainly meant no disrespect, but believed that the November 1, 2004 joint report was the functional equivalent of such a motion or the equivalent of a joint pre-trial stipulation, which ordinarily does not require Court approval.

CONCLUSION

to get the matter before another judge until the case was eventually assigned to the Honorable Judge Somma.