UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10604-RGS

IN RE: JAN RICHARD SCHLICHTMANN

ORDER ON RESPONDENTS' EMERGENCY
MOTION FOR INTERLOCUTORY APPEAL

April 11, 2005

STEARNS, D.J.

The Cadle Company, Atlanta Joint Venture, LP, and Daniel C. Cadle (the respondents) seek leave to file an interlocutory appeal of an order of the Bankruptcy Court dated March 1, 2005, denying their request to reopen discovery in preparation for an evidentiary hearing on debtor Jan Schlichtmann's motion for sanctions.[1] The pretrial order of the Bankruptcy Court required the parties to file a proposed discovery plan no later than November 1, 2004, and to complete all discovery by February 5, 2005.[2] The Court mandated "strict compliance" with its order and warned the parties that the schedule would be modified (if at all) only upon "appropriate motion."

In his ruling on respondents' belated motion for leave to reopen discovery, Judge Somma observed that

> Judge Feeney's pretrial order was clear as to the date by which the parties were to complete discovery. The order was also clear about the manner in which the time could be altered: it would require an order of the Court,

---

[1] The hearing on the motion for sanctions is currently scheduled for May 25, 2005.

[2] The chronology of events in the Bankruptcy Court predating this appeal are largely undisputed and carefully detailed in Judge Somma's March 1, 2005 Order.

>entered upon an appropriate motion. The Respondents filed no such motion and obtained no order. They deliberately disregarded the deadline in the pretrial order, and they did so at their peril. . . . [I]n choosing not to conduct discovery during the designated time, the Respondents were substituting their own plan for that of the Court. This they were not free to do. Certainly it is not cause to extend the discovery deadline.

March 1, 2005 Order, at 3-4.

A trial court's rulings on discovery disputes are reviewed under an abuse of discretion standard. See Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 25 (1st Cir. 2003) (judge did not abuse his discretion in denying counsel an opportunity for discovery); Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 64 n.7 (1st Cir. 2003) (same). Trial judges are afforded "great latitude" in enforcing case management discovery deadlines. See Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) ("The Civil Rules endow trial judges with formidable case-management authority . . . [which] specifically includes – indeed, mandates – setting deadlines for the filing of pretrial motions."). While the respondents believe they had a private agreement with the debtor to put off discovery until their dispositive motion was decided, this alleged agreement was never disclosed to, or approved by the court. Judge Somma's refusal to reopen the discovery schedule previously mandated by the Bankruptcy Court was well within his discretion. Consequently, the motion for leave to file an interlocutory appeal of his March 1, 2005 order is DENIED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE